UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS JOSEPH BROUSSARD,<br><br>        Petitioner,<br><br>   v.<br><br>TIM VIRGA,<br><br>        Respondent. | 1:09-cv-01521-SKO-HC<br><br>ORDER DIRECTING THE CLERK TO SUBSTITUTE TIM VIRGA AS RESPONDENT<br><br>ORDER DEEMING PETITIONER'S TRAVERSE AND MOTION AND ADDENDUM THERETO (DOCS. 16, 20) TO BE AN OPPOSITION TO THE PETITION<br><br>ORDER GRANTING RESPONDENT'S REQUEST FOR JUDICIAL NOTICE<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION DISMISS (Doc. 15)<br><br>ORDER DIRECTING DISMISSAL OF THE ACTION<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

    Petitioner is a state prisoner who is proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the

1

case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on September 30, 2009, and on behalf of Respondent on June 28, 2010.

Pending before the Court is Respondent's motion to dismiss the petition, filed and served on Petitioner on July 26, 2010. On August 16, 2010, Petitioner filed in response to the motion a "Traverse" and motion to grant habeas corpus relief due to a miscarriage of justice and actual innocence.

The Court DEEMS this document to be an opposition to Respondent's motion to dismiss. In the absence of any objection by Respondent, the Court will further CONSIDER Petitioner's addendum to his traverse, filed on September 20, 2010, as part of his opposition to the motion to dismiss.

Respondent filed a reply on August 23, 2010.

I.  Substitution of Tim Virga as the Proper Respondent

Title 28 U.S.C. § 2242 provides that a petition for writ of habeas corpus shall allege the name of the person who has custody over the applicant. Rule 2(a) of the Rules Governing Section 2254 Cases in the District Courts (Habeas Rules) provides that if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.

The respondent must have the power or authority to provide the relief to which a petitioner is entitled. Smith v. Idaho, 392 F.3d 350, 355 n. 3 (9th Cir. 2004). A failure to name the proper respondent destroys personal jurisdiction. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

However, personal jurisdiction, including the requirement of naming the technically correct custodian under § 2242 and the Habeas Rules, may be forfeited or waived on behalf of the immediate custodian by the relevant government entity, such as the state in a § 2254 proceeding. Smith v. Idaho, 392 F.3d 350, 355-56, 356 n. 4 (9th Cir. 2004) (where the state conceded it had waived lack of jurisdiction over a petitioner's immediate custodian and submitted itself in his stead to the jurisdiction of the federal courts). A court has the discretion to avoid delay and waste of the resources of the court and the parties by recognizing a waiver instead of requiring formal amendment of the petition by the petitioner. Id. at 356 n.6.

Here, Petitioner, who is incarcerated at the California State Prison at Sacramento (SAC), initially named James Walker as Respondent. (Pet. 1.) However, in the motion to dismiss, Respondent states that the proper respondent is Tim Virga, who currently acts as the warden at SAC, where Petitioner is housed. (Mot. 1 n.1.) Further, it is stated that the motion to dismiss is filed on behalf of the Respondent. Respondent requests that the Court substitute Tim Virga as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. (Mot. 1 n.1.) Rule 25(d) provides that a court may at any time order substitution of a public officer who is a party in an official capacity whose predecessor dies, resigns, or otherwise ceases to hold office.

The Court concludes that Tim Virga, Acting Warden of SAC, is an appropriate respondent in this action, and that pursuant to Fed. R. Civ. P. 25(d), he should be substituted in place of James

1 Walker.

2     II. <u>Consideration of the Motion to Dismiss</u>

3     A federal court is a court of limited jurisdiction which has a continuing duty to determine its own subject matter jurisdiction and to dismiss an action where it appears that the Court lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); <u>CSIBI v. Fustos</u>, 670 F.2d 134, 136 n. 3 (9th Cir. 1982) (citing <u>City of Kenosha v. Bruno</u>, 412 U.S. 507, 511-512 (1973)); <u>Billingsley v. C.I.R.</u>, 868 F.2d 1081, 1085 (9th Cir. 1989).

    Respondent has filed a motion to dismiss the petition on the ground that this Court lacks subject matter jurisdiction over the petition because it is successive and thus is barred by 28 U.S.C. § 2244.

    Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

    The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same).

4

Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer.  See, Hillery, 533 F. Supp. at 1194 & n. 12.

Here, Respondent's motion to dismiss is based on lack of subject matter jurisdiction.  Respondent's motion is similar in procedural posture to a motion to dismiss for failure to exhaust state remedies or for state procedural default.  Further, although the motion is opposed, the motion does not raise material factual disputes concerning the operative facts. Finally, Respondent has not yet filed a formal answer.

The Court therefore exercises its discretion to review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### III.  Motion to Dismiss the Petition

#### A.  Background

The petition in this proceeding was filed on August 28, 2009.  Petitioner challenges his conviction in 1989 in the Kern County Superior Court of assault upon a prisoner pursuant to Cal. Pen. Code § 4501.  Petitioner argues that the conviction constituted a miscarriage of justice and an act in excess of the trial court's jurisdiction because his status as a prisoner already serving a life term rendered § 4501 inapplicable to him. (Pet. 1.)

#### B.  Second or Successive Petition

Respondent moves to dismiss the petition on the ground that this Court lacks subject matter jurisdiction over the petition because it is a second or successive petition.

5

1    Because the petition in the present case was filed after the
2 enactment of the Antiterrorism and Effective Death Penalty Act of
3 1996 (AEDPA), the AEDPA applies to the petition. Lindh v.
4 Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008
5 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999). It
6 must, therefore, be determined whether the petition in the
7 present case is barred by 28 U.S.C. § 2244 as a second or
8 successive petition.

9    A federal court must dismiss a second or successive petition
10 that raises the same grounds as a prior petition. 28 U.S.C.
11 § 2244(b)(1). The Court must also dismiss a second or successive
12 petition raising a new ground unless the petitioner can show that
13 1) the claim rests on a new, retroactive, constitutional right or
14 2) the factual basis of the claim was not previously discoverable
15 through due diligence, and the new facts establish by clear and
16 convincing evidence that but for the constitutional error, no
17 reasonable factfinder would have found the applicant guilty of
18 the underlying offense. 28 U.S.C. § 2244(b)(2)(A,(B).

19    However, it is not the district court that decides whether a
20 second or successive petition meets these requirements, which
21 allow a petitioner to file a second or successive petition.
22 Section 2244(b)(3)(A) provides, "Before a second or successive
23 application permitted by this section is filed in the district
24 court, the applicant shall move in the appropriate court of
25 appeals for an order authorizing the district court to consider
26 the application." In other words, a petitioner must obtain leave
27 from the Ninth Circuit before he or she can file a second or
28 successive petition in district court. See Felker v. Turpin, 518

6

1  U.S. 651, 656-657 (1996).  This Court must dismiss any claim
2  presented in a second or successive habeas corpus application
3  under section 2254 that was presented in a prior application
4  unless the Court of Appeals has given Petitioner leave to file
5  the petition.  28 U.S.C. § 2244(b)(1).  This limitation has been
6  characterized as jurisdictional.  <u>Burton v. Stewart</u>, 549 U.S.
7  147, 152 (2007); <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1274 (9th
8  Cir. 2001).

9  Pursuant to Respondent's request (Mot. 4 n.3), this Court
10 takes judicial notice of the docket and documents filed in
11 Petitioner's previous habeas corpus case, <u>Broussard v. Terhune</u>,
12 no. 1:99-cv-05390-LJO-LJO, including the Report and
13 Recommendation re: Respondent's Motion to Dismiss the Petition,
14 filed on October 12, 1999 (Doc. 15), the Court's Order Ordering
15 Findings and Recommendations Vacated and Construing It as a
16 Proposed Order, filed on November 30, 1999 (Doc. 19), and the
17 Court's Order Ordering the Motion to Dismiss Granted and the
18 Habeas Corpus Petition Dismissed, which was filed on November 30,
19 1999 (Doc. 20).[1]  Further, Respondent has lodged, and the Court
20 has before it, the petition in the previous action (Lodged
21 Document [LD] 26) as well as the docket and significant orders.

22 In the previous proceeding, Petitioner challenged the same
23 judgment and conviction as that challenged in the present
24 petition – namely, his 1989 Kern County conviction and the
25 resulting sentence of four years to run consecutively to his life

---

[1] The Court further notes that with respect to Petitioner's ensuing appeal of the dismissal, the Ninth Circuit Court of Appeals denied the request for a certificate of appealability.  (Doc. 27.)

7

term. (Report and Recommendation re: Respondent's Motion to Dismiss the Petition [Doc. 15], 1.) This Court ruled that the petition in that action was untimely and barred by the AEDPA's one-year statute of limitations. (Id. at 3-6; Docs. 19-20.)

A claim is successive within the meaning of § 2244(b) if the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments; further, identical grounds may often be proved by different factual allegations. Babbitt v. Woodford, 177 F.3d 744, 746 (9th Cir. 1999).

In the present petition, Petitioner claims that his conviction and sentence were illegal, in excess of the trial court's statutory jurisdiction, and a miscarriage of justice due to his actual innocence based on Cal. Pen. Code § 4501's exclusion of life prisoners from its scope (Pet. 1-3); the judgment violated his protection against double jeopardy because of the inapplicability of the statute (Pet. 3-4); and Petitioner was ill-advised to accept the plea by his trial counsel, who later argued that Petitioner could not violate the statute as a life prisoner (Pet. 4).

In the previous petition, Petitioner raised the same legal claims, namely, that the statute defining the offense, Cal. Pen. Code § 4501, excluded life prisoners, and thus Petitioner was deprived of due process and unlawfully sentenced in excess of the trial court's jurisdiction (LD 26, 1-3, 6); the trial court exceeded its jurisdiction in not permitting him to withdraw his plea (LD 26, 3- 4); his plea bargain to plead to the charge was unconstitutional, and his counsel was ineffective for failure to

file a certificate of probable cause and perfect an appeal from the denial of his motion to withdraw the plea (LD 26, 5-6); and his sentence violated his protection against double jeopardy (LD 26, 6).

Although there are slight differences in the articulation of his claims, the Court concludes that claims in the two petitions are the same with respect to their basic thrust or gravamen.

Generally, a habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits in an earlier petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001). A disposition is "on the merits" if the district court either considered and rejected the claim, or determined that the underlying claim would not be considered by a federal court. McNabb v. Yates, 576 F.3d 1028, 1029 (citing Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)).

Here, the previous dismissal was for untimeliness. A dismissal of a federal habeas petition for untimeliness is a determination "on the merits" for purposes of the rule against successive petitions such that a further petition challenging the same conviction is "second or successive" for purposes of 28 U.S.C. § 2244(b). McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009). This is because such a dismissal is a permanent and incurable bar to federal review of the underlying claims. Id. at 1030.

Here, Petitioner seeks to raise claims that this Court previously determined would not be considered by a federal court. Further, Petitioner has not received permission from the Ninth

9

Circuit to proceed with his petition, which presents second or successive claims.

Accordingly, the petition must be dismissed for lack of subject-matter jurisdiction in this Court.

Because this Court lacks jurisdiction over the subject matter of this action, the Court need not consider Respondent's additional contention the petition is untimely. Likewise, Petitioner's allegations and arguments concerning actual innocence, and his motion to grant the writ, will not be considered.

### IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

It does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court will decline to issue a certificate of appealability.

V. Disposition

Accordingly, it is ORDERED that:

1. The Clerk SUBSTITUTE Tim Virga, Acting Warden of the California State Prison, Sacramento, as Respondent; and

2. Petitioner's "Traverse: Motion to grant Habeas Corpus Due to a miscarriage of justice" and "ADDENDUM TO TRAVERSE: MOTION TO GRANT WRIT UPON MISCARRIAGE OF JUSTICE EXCEPTION" (Docs. 16, 20) are DEEMED to be an opposition to Respondent's motion to dismiss; and

3. Respondent's request for judicial notice is GRANTED; and

11

    4.   Respondent's motion to dismiss is GRANTED for lack of subject matter jurisdiction; and

    5.   The proceeding is DISMISSED; and

    6.   The Clerk is DIRECTED to close the action because this order terminates it in its entirety; and

    7.   The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   October 19, 2010**                    /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE